IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,                                             ORDER

                        Petitioner,                    10-cv-707-bbc

       v.

JUDY SMITH, Warden,
Oshkosh Correctional Institution,[1]

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Donald Newell, Jr., an inmate at the Oshkosh Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the $5 filing fee.  The petition is before the court for preliminary review under 28 U.S.C. § 2254.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States."  Under Rule 4 of the Rules Governing Section 2254 Cases,

---

[1]  Petitioner named the State of Wisconsin as respondent to the petition.  However, in a habeas action filed by a state prisoner, the proper respondent is the state officer having custody of the prisoner.  Rule 2 of the Rules Governing Section 2254 Cases.  That person is the warden of the Oshkosh Correctional Institution, Judy Smith.  I have revised the caption accordingly.

1

the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The subject of the petition is petitioner's August 2, 2007 judgment of conviction in the Circuit Court for Chippewa County for ten counts of sexual assault. According to state records available electronically, the victim of the sexual assaults has a number of physical and mental disabilities. Petitioner was sentenced on October 16, 2007 to concurrent 21-year terms on each count, consisting of six years' initial confinement followed by 15 years' extended supervision. On June 3, 2008, after obtaining two extensions of his deadline for seeking postconviction relief or filing an appeal, petitioner filed a motion for resentencing. On September 25, 2008, the court held a resentencing hearing, after which it increased the term of initial confinement to eight years. Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Chippewa County Case Number 06CF122 (visited December 14, 2010).

On February 10, 2009, petitioner filed a petition for a writ of habeas corpus in this court that was dismissed because petitioner had failed to exhaust his state court remedies. Newell v. State of Wisconsin, 09-cv-76-bbc, dkt. #2. On February 18, 2009, petitioner filed an appeal of his conviction in the Wisconsin Court of Appeals, contending that his confession was not corroborated sufficiently to support his ten convictions. The court of appeals rejected his argument and affirmed the conviction on May 11, 2010. State v.

2

Newell, 2010 WI App 84, 326 Wis. 2d 264, 787 N.W.2d 59 (unpublished).  On September 21, 2010, the Wisconsin Supreme Court denied petitioner's petition for review.

In his petition, petitioner contends that his conviction and sentence are in violation of the laws or Constitution of the United States on the following grounds: (1) the victim was competent; (2) petitioner lacked intent to harm the victim; (3) the evidence was insufficient to corroborate petitioner's confession; (4) trial counsel was ineffective; (5) petitioner was denied witnesses; (6) petitioner was denied evidence; (7) the trial judge was biased toward people with disabilities; (8) petitioner was tricked into incriminating himself; (9) petitioner's sentence is too harsh in comparison with others; (10) the testimony from the prosecution's expert psychologist was unreliable and subjective; (11) petitioner did not have a jury of his peers because the jurors had limited experience with disabilities, were not veterans like petitioner and were mostly female; (12) the trial lacked constitutional standards; (13) IQ tests are subjective; (14) the prosecution's expert witness slandered petitioner; (15) petitioner was threatened for filing a complaint; (16) petitioner was silenced unjustly for trying to expose public officials; (17) the jury was prejudiced against the idea of a person in a wheelchair falling in love; (18) the trial judge was biased because he accepted campaign contributions from petitioner's accusers; (19) the legal system is ignorant of disabilities and the Americans with Disabilities Act; (20) petitioner's counsel was ineffective during petitioner's sentencing hearing; (21) the government ignored petitioner's requests for help;

3

(22) the court and public officials abused their authority by brainwashing the victim; (23) petitioner's counsel refused to consider evidence offered by petitioner; (24) the legal system misunderstands mental illness; and (25) the victim suffered mental abuse.

Some of petitioner's grounds for relief are supported by factual allegations while others have few, if any, supporting facts that would allow me to conclude that his detention is in violation of the laws, Constitution or treaties of the United States. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003) (petition must cross "some threshold of plausibility" before state will be required to answer). The greater problem is that petitioner has failed to exhaust all of his claims in state court.

As I explained to petitioner in his previous habeas case, before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet, 390 F.3d at 514. The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those

4

claims before doing so." <u>O'Sullivan</u>, 526 U.S. at 854 (Stevens, J., dissenting).  Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment.  <u>Perruquet</u>, 390 F.3d at 514 ; <u>Moore v. Bryant</u>, 295 F.3d 771, 774 (7th Cir. 2002); <u>Chambers v. McCaughtry</u>, 264 F.3d 732, 737-38 (7th Cir. 2001).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." <u>Steward v. Gilmore</u>, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977)).

A review of the state court of appeals' decision indicates that on appeal, petitioner presented his claim that the state failed to corroborate his confession.  The court addressed the claim on the merits and petitioner sought review by the state supreme court.  Therefore, this claim has been exhausted.

As for his remaining claims,  petitioner has procedurally defaulted because he failed to present them to the state courts on direct appeal from his conviction.  Petitioner asserts

5

that he did not raise these claims because his counsel refused to present them, and it is true that ineffective assistance of counsel can establish "cause" for a procedural default.  However, in <u>Edwards v. Carpenter</u>, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim, the petitioner must have raised this claim first to the state court or he has procedurally defaulted it.  <u>Id.</u> at 452-53.  It appears that petitioner never presented a claim of ineffective assistance of trial or appellate counsel to the state courts.

Thus, the question is whether petitioner still may exhaust his 24 claims by presenting the claim of ineffective assistance of counsel to the state courts.  28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").  Wisconsin's statute governing post-conviction motions, Wis. Stat. § 974.06, allows defendants to attack their convictions collaterally on constitutional grounds after expiration of the time for seeking a direct appeal or other post-conviction remedy.  However, a petitioner is procedurally barred from raising a claim in a post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal.  <u>State v. Escalona-Naranjo</u>, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); Wis. Stat. § 974.06(4).  Ineffective assistance of post-conviction or

appellate counsel may provide a sufficient reason.  <u>State ex rel. Rothering v. McCaughtry</u>, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); <u>State v. Knight</u>, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel).  Thus, there are avenues of relief available to petitioner in the state courts through which he could present his claim that his lawyer was ineffective for failing to raise his additional claims on appeal.  The fact that the state courts are not likely to rule in petitioner's favor does not eliminate the exhaustion requirement. <u>Cawley v. DeTella</u>, 71 F.3d 691, 695 (7th Cir. 1995); <u>White v. Peters</u>, 990 F.2d 338, 342 (7th Cir. 1993).

<u>Rose v. Lundy</u>, 455 U.S. 509 (1982), instructs federal district courts to dismiss a petition like petitioner's that presents a mix of exhausted and unexhausted claims.  <u>Id</u>. at 510.  Alternatively, the petitioner may choose to amend his petition by deleting the unexhausted claims and then proceed solely on the exhausted claim.  <u>Id</u>., at 520.  Before dismissing the petition, I will give petitioner the opportunity to decide whether he prefers to abandon his unexhausted claims of ineffective assistance of trial and appellate counsel and proceed solely on the one claim that has been exhausted, namely, his claim that the state failed to corroborate his confession with sufficient evidence.

In deciding which course of action to pursue, petitioner should consider the following: If he decides to give up his unexhausted claims and present only the one that he has already

exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a subsequent federal habeas petition.  <u>Lundy</u>, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).  Petitioner should consider also that his chances of success on his unexhausted claims are slim unless he can support his conclusory allegations of ineffective assistance of trial counsel with specific facts that actually establish prejudice as required under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>Strickland</u> holds that an error by counsel, even if professionally unreasonable, does not warrant setting aside a criminal judgment if the error had no effect on the judgment.  <u>Id.</u> at 691.

ORDER

IT IS ORDERED that petitioner Donald Newell has until December 28, 2010, within which to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claim.  If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, then his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to <u>Rose v. Lundy</u>.  If petitioner chooses to proceed, then the state will be ordered to respond to

8

petitioner's corroboration claim.

Entered this 16th day of December, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge